**IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE**

FILED

**February 27, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| PATRICIA ANNE PEHLMAN, | ) | KNOX CIRCUIT |
| | ) | |
| Appellant | ) | NO. 03A01-9708-CV-00339 |
| | ) | |
| v. | ) | HON. WILLIAM K. SWANN, III |
| | ) | JUDGE |
| GREGORY LAWRENCE | ) | |
| PEHLMAN, | ) | |
| | ) | |
| Appellee | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SOBIESKI, MESSER & | ) | |
| ASSOCIATES, | ) | |
| | ) | VACATED and |
| Intervenor | ) | REMANDED |

Robert L. Crossley, Knoxville, for Appellant.
Wanda G. Sobieski, Knoxville, for Intervenor.

_____ **O P I N I O N**

_____INMAN, Senior Judge

At the outset we think it well to observe what this case is not about: the
*enforcement* of a lien for attorney fees.

What the case is about is whether the motion of the plaintiff-wife
[hereafter Wife], to discharge the purported lien claimed by the erstwhile
attorney for Husband should have been granted, and specifically whether
Husband should have the opportunity to "resolve his dispute" with the
Intervenor, as provided for in the judgment.

Intervenor Sobieski represented the defendant/husband [hereafter

Husband] in this divorce case during pre-trial procedures. She then withdrew, with approval of the Court. Husband engaged other counsel and the case was ultimately settled, with the residence of the parties, owned by them as tenants by the entirety, being awarded to the Wife.

Before the case was settled and judgment entered, the Intervenor filed a Notice of Attorney's Lien, *pursuant to T.C.A. § 23-2-102,* against "the property located at 1947 Grenada Boulevard, Knoxville, Tennessee, 37922 in the amount of $34,555.15 for unpaid legal fees and expenses." This property was owned by the parties as tenants by the entirety.

After the final decree was entered, Wife filed a motion to discharge the lien, asserting its invalidity. We note that *only a statutory lien* was asserted.

The settlement was announced in open Court, approved by the judge and thereafter reduced to judgment duly entered, which provides, as pertinent here, that

> "Husband shall be solely responsible for immediately *resolving his dispute* with Wanda Sobieski so that her attorney lien is removed from the residence."

After argument of counsel, with no evidentiary hearing, the trial judge declined to discharge the lien, holding that it was both statutory and equitable, and emphasizing that Wife had knowledge of it and stressing the reference to it in the final decree.

Wife appeals, insisting that the lien is invalid under well-settled principles, one being that the lien described in T.C.A. § 23-2-102 applies only to the amount the attorney recovers for his client, *see, Hudson v. Elk,* 1989 WL 11875, and that Intervenor recovered nothing for her erstwhile client.

Intervenor responds that her fees were contractual, and that any property owned by her then client was subject to a lien, but that in any event Wife waived any objections to the legality of the lien by entering into the

settlement which recognized it.

Intervenor also claims that her lien extends to the interest of Wife, whom she did not, of course, represent.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d).

We think these arguments and the judgment below overlook a crucial point: the judgment ordered Husband to *resolve his dispute* with his former attorney.[1] Whether the dispute concerned the amount of the fee, or the purported lien, or both, does not appear, but in any event we think that Husband should be accorded the opportunity, as the judgment provides, to resolve his dispute with Intervenor, not only as to the amount of the fee, but as to the validity of the lien.

The language "resolve his dispute" is vague and uncertain, to a marked extent. Intervenor interprets the words to mean, simply put, payment of the fee, in which event she will release the lien. But we think the words are susceptible of a larger meaning; otherwise the Court would simply have ordered Husband to pay the fee. We think that, in view of the attorney-client relationship, the husband must be given the benefit of any reasonable doubt as to the meaning of the words because the cases clearly hold that such matters must be closely scrutinized. *See, Alexander v. Inman,* 903 S.W.2d 686 (Tenn. 1986); *Adams v. Mellon,* 616 S.W.2d 485 (Tenn. App. 1981).

The judgment is vacated and the case is remanded for an evidentiary resolution of the reasonableness of the fee and the validity of the asserted

---

[1] The assets of the parties consisted principally of a mortgaged residence and some term life insurance policies. Intervenor's fees are nearly $35,000.00. Inquiry at argument revealed that this unusually high amount was brought about over custody squabbling.

lien.  Costs are assessed to the Intervenor.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Herschel P. Franks, Judge